UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-20561-CIV-COOKE/BANDSTRA

JOEL GOMEZ ORTIZ

    *Plaintiff*,

v.

CELEBRITY CRUISES INC.,

    *Defendant.*

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before me on Plaintiff Joel Ortiz's Motion for Reconsideration [D.E. 40] and Supplemental Rule 60(b) Motion for Reconsideration [D.E. 43] regarding my Order granting Defendant Celebrity Cruises Inc.'s Motion to Dismiss Complaint for Improper Venue and to Compel Arbitration [D.E. 39]. Ortiz asks that we reconsider under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonably diligence, could not have been discovered in time to move for new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

To prevail on a motion for reconsideration, a party generally must present at least one of "three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."

*Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted). "[T]he moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* Further, when a party alleges that reconsideration is due because of the court's misunderstanding or misapplication of the law, the movant must demonstrate that the court's mistake involved "a 'plain misconstruction' of the law and the erroneous application of that law to the facts." *See Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992) (quoting *Compton v. Alton Steamship Co.*, 608 F.2d 96, 104 (4th Cir. 1979)).

On March 7, 2009, I entered an Order dismissing Ortiz's Complaint for improper venue and compelling arbitration in Honduras, or Miami, Florida if arbitration is not available in Honduras. Ortiz argues that I erroneously failed to consider the defenses he raised in opposition to Defendant's Motion to Dismiss, namely that the arbitration agreement is "null and void, inoperative, or incapable of being performed." However, Ortiz admitted that this matter was subject to arbitration in his motion for extension of time to respond to Defendant's Motion to Dismiss.[1] Ortiz has not set forth any grounds justifying reconsideration. Accordingly, Ortiz's motion for reconsideration [D.E. 40], motion for rehearing [D.E. 41] and supplemental motion for reconsideration [D.E. 43] are denied.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of October 2009.

_____
MARCIA G. COOKE
United States District Judge

cc:

*The Honorable Ted E. Bandstra*
*All counsel of record*

---

[1] "In this case, the Plaintiff agrees to arbitrate the case with the Defendant." [D.E. 5, p. 4]